# CIVIL COVER SHEET

JS-44 (Rev. 11/2020 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ <br> **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ <br> **(IN U.S. PLAINTIFF CASES ONLY)** <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

○ **A.  *Antitrust***

410  Antitrust

○ **B.  *Personal Injury/ Malpractice***

- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Product Liability

○ **C.  *Administrative Agency Review***

151 Medicare Act

**Social Security**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**Other Statutes**
- 891 Agricultural Acts
- 893 Environmental Matters
- 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.  *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

***(If Antitrust, then A governs)***

○ **E.  *General Civil (Other)***        OR        ○ **F.  *Pro Se General Civil***

**Real Property**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**Personal Property**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**Bankruptcy**
- 422 Appeal 27 USC 158
- 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Conditions
- 560 Civil Detainee – Conditions of Confinement

**Property Rights**
- 820 Copyrights
- 830 Patent
- 835 Patent – Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016 (DTSA)

**Federal Tax Suits**
- 870 Taxes (US plaintiff or defendant)
- 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**Other Statutes**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc
- 460 Deportation
- 462 Naturalization Application

- 465 Other Immigration Actions
- 470 Racketeer Influenced & Corrupt Organization
- 480 Consumer Credit
- 485 Telephone Consumer Protection Act (TCPA)
- 490 Cable/Satellite TV
- 850 Securities/Commodities/ Exchange
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/Privacy Act** | ○ **J. Student Loan** |
|---|---|---|---|
| 530 Habeas Corpus – General<br>510 Motion/Vacate Sentence<br>463 Habeas Corpus – Alien Detainee | 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>740 Labor Railway Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>440 Other Civil Rights<br>445 Americans w/Disabilities – Employment<br>446 Americans w/Disabilities – Other<br>448 Education | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge  ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES      NO |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES        NO | If yes, please complete related case form |

DATE: _____        SIGNATURE OF ATTORNEY OF RECORD *Yaida Ford* _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

VI.  CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| Juan Johnson<br>c/o Yaida O. Ford, Esq.<br>FORD LAW PROS, PC<br>1001 L Street SE<br>Washington, DC 20003<br><br>*Plaintiff,*<br><br>v.<br><br>OFC. Ryan Sullivan (#72)<br>300 Indiana Ave., NW,<br>Room 4125<br>Washington, DC 20001<br><br>*Defendant.* | Civil Action No.:    1:21-cv-03342 |

## COMPLAINT

(Seeking damages for Assault and Battery; Malicious Prosecution; False Arrest; in violations of rights under the US Constitution and the laws of the District of Columbia)

COMES NOW the Plaintiff, Juan Johnson, through undersigned counsel, and for his complaint states as follows:

### PARTIES

1. Plaintiff Juan Johnson is an adult resident of the District of Columbia.

2. Defendant Officer Ryan Sullivan is a sworn officer employed by the District of Columbia Metropolitan Police Department (MPD), dispatched to the location of the incident on August 8, 2021, serving the MPD Seventh District Station (Anacostia region). At all times during the events at issue Officer Sullivan was acting under the

color of law and within the scope of his employment. He is sued in his individual capacity.

3. Defendant Officer John Doe 2 is a sworn officer employed by the District of Columbia Metropolitan Police Department (MPD), dispatched to the location of the incident on August 8, 2021, serving the MPD Seventh District Station (Anacostia region). At all times during the events at issue Officer John Doe 2 was acting under the color of law and within the scope of his employment. He is witness to the actions of Officer Sullivan regarding the incident of August 8, 2021.

4. Defendant Officer John Doe 3 is a sworn officer employed by the District of Columbia Metropolitan Police Department (MPD), dispatched to the location of the incident on August 8, 2021, serving the MPD Seventh District Station (Anacostia region). At all times during the events at issue Officer John Doe 3 was acting under the color of law and within the scope of his employment. He is witness to the actions of Officer Sullivan regarding the incident of August 8, 2021.

## JURISDICTION

5. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question). Mr. Johnson (Plaintiff) brings this action under 42 U.S.C. §1983 to vindicate his rights established by the Fourth Amendment to the U.S. Constitution. Plaintiff's claims under the common law of the District of Columbia arise from the same occurrences as the constitutional claims and are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the events giving rise to the Plaintiff's claim occurred in the District of Columbia.

## FACTS

7. This case arises from an abrupt escalation of violence by Officer Ryan Sullivan that occurred in broad daylight near in the 1500-block of U Street, SE, near the Ketcham Recreation Center in Anacostia, on August 8, 2021, approximately 5:30 p.m.

8. Plaintiff Juan Johnson was exiting the corner store when he witnessed three Metropolitan Police Department (MPD) officers holding his friend, Kiman Johnson against a gate near 15th and U Streets, SE.

9. Plaintiff heard Kiman Johnson asking the officers why they grabbed him;

10. Plaintiff then witnessed one of the officers, Sullivan, become angry and abruptly start punching Kiman in the face repeatedly while Kiman was pinned to a fence by two other officers.

11. Upon witnessing his friend Kiman being repeatedly beaten by Officer Sullivan, Juan pleaded with the officers John Doe 2 and John Doe 3 to intervene to prevent further injury to Kiman.  Others gathered around in protest of the beating.

12. Despite the surrounding crowd protesting the beating, Officer Sullivan did not stop violently striking Kiman until he had served 7 or 8 blows to his face and head.

13. Upon information and belief, Officer Sullivan's strikes broke Kiman's nose and fractured Kiman's face.

3

14. The onlookers, including Plaintiff, became infuriated by this brazen act of brutality because Officer Sullivan has a reputation for brutally beating Black people in Southeast.

15. After Sullivan dealt several blows about Kiman Johnson's head and face, an unidentified man threw a residential trash can in direction of the officers.

16. Mr. Johnson then kicked over a different Rubbermaid trash can to protest the actions of Sullivan.

17. The trash can Mr. Johnson kicked over hit the sidewalk.

18. The trash can did not hit or otherwise come into contact with any officer.

19. Another passerby also witnessed the incident and said, "You always do that to people" in reference to Officer Sullivan's prior incidents in the neighborhood.

20. Another man picked up a metal chair and waived it in protest of the officers' brutality.

21. Upon hearing the passerby's comment, Officer Sullivan became uncontrollably enraged and pulled out his gun and pointed it at Plaintiff Juan Johnson.

22. Observing the sudden actions of Officer Sullivan, Officers John Doe 2 or John Doe 3 intervened by shouting, "Put the gun down!"

23. Seeing Officer Sullivan's weapon pointed at him, Juan Johnson felt threatened by and ran away for fear that he would be shot by Officer Sullivan.

24. Only when another officer shouted to verbally intervene, did Officer Sullivan holster his gun.  He pulled out his pepper spray instead and pointed it at Plaintiff, at which point Plaintiff ran to flee further attack.

4

25. Officer Sullivan began to chase Plaintiff, Officer Sullivan caught up to Johnson, grabbed him, and "rag-dolled" him by slamming him to the ground.  Johnson is 5'9 and 125 pounds.  Officer Sullivan is 5'11 and 260 pounds.

26. Another officer called for backup.

27. Approximately eight marked MPD cruisers arrived on the scene, and one of the officers arrested Juan Johnson and put him in the back of a police cruiser and took him in for booking.

28. Juan Johnson went to court the following day (August 9, 2021), where he was charged with Assaulting a Police Officer and Fleeing.

29. The case was no-papered and ultimately dismissed.

30. However, the arrest record remains on Juan Johnson's record which is negatively impacting his current employment.

31. Plaintiff Juan Johnson brings this lawsuit against Officer Sullivan and the other officers for battery and assault, and false arrest, in violation of his protected civil rights under the laws and statute of the District of Columbia and the United States.

### COUNT I
### VIOLATION OF FOURTH AMENDMENT RIGHTS:
### UNLAWFUL SEIZURE AND EXCESSIVE USE OF FORCE

32. Plaintiff Juan Johnson incorporates herein, by reference, the allegations in the previous paragraph as if fully set forth below.

33. Officer Sullivan unlawfully drew his weapon on Plaintiff intentionally, with the intent to threaten him and the ability to do him harm.

5

34. Officer John Doe's actions were unreasonable and unwarranted as Plaintiff was unarmed and did not present a threat to Officer Sullivan or anyone else at that time.

35. After an officer yelled at Sullivan to stand down, Officer Sullivan then pulled out his OC spray and pointed it at Plaintiff—who was unarmed and who did not pose a threat to anyone at that time.

36. Plaintiff gave chase to avoid being sprayed and Defendant Sullivan chased him, caught him and slammed him on the ground.

37. Another officer put handcuffs on Mr. Johnson.

38. Mr. Johnson was charged with assaulting a police officer and fleeing. These charges were dismissed the very next day.

39. Defendant's assault, battery and arrest of Plaintiff without probable cause violated his right under the Fourth Amendment of the US Constitution to be free of unreasonable seizure and the use of excessive force.

40. Violation of that right is made actionable by 42 U.S.C. 1983, and Officer Sullivan is liable for compensatory and punitive damages.

41. The relevant law was clearly established at the time of Defendant's actions. No reasonable police officer could have believed that Mr. Johnson's conduct justified excessive force and seizure.

## COUNT II
### ASSAULT

42. Plaintiff Juan Johnson incorporates herein, by reference, the allegations in the previous paragraph as if fully set forth below.

43. Plaintiff Juan Johnson is an adult resident of the District of Columbia.

44. Plaintiff also has a close relative (aunt) in that area and is a frequent visitor to the location.

45. At the time of the incident on August 8, 2021, approximately 5:30 p.m., Plaintiff was completing his purchase at the corner store.

46. As a citizen and resident of the District of Columbia, Plaintiff had a right to conduct his personal business at the store.

47. As he was exiting the store, Plaintiff was made aware that his friend, Kiman, was being beaten by a White police officer.

48. Plaintiff, amongst others at the scene, questioned the officers and protested their treatment of Kiman because the situation was unnecessarily escalated by Officer Sullivan when he began violently striking Kiman about his head and face while Kiman was in custody.

49. Plaintiff Juan Johnson approached the scene as he observed his friend, Kiman, being punched by Officer Sullivan repeatedly across the street from the corner store.

50. Plaintiff stands 5"9 and weighs 125 lbs.

51. Plaintiff did not abruptly move towards the officers, or behave in any way to pose a threat to the officers although they were engaging in excessive force towards Kiman.

52. Instead, Plaintiff pleaded with Officer John Doe 2 and Officer John Doe 3 to intervene as Officer Sullivan was repeatedly punching Kiman.

53. Officers John Doe 2 and 3 ignored Plaintiff and continued to hold Kiman down while Sullivan brutally punched him.

54. One man threw a residential trash can in the direction of the officers.

55. Plaintiff kicked a different Rubbermaid trash can over in protest to the clear act of police brutality. The trash can dumped out onto the sidewalk.  The trash can did not hit any officer.

56. Another passerby that witnessed incident and said, "You always do that to people." in reference to Officer Sullivan's other violent interactions with Black residents in Southeast D.C.

57. Another man picked up a metal chair in protest of the officers' brutality.

58. Others began screaming in opposition to this unfettered violence.

59. Upon hearing the commotion, Officer Sullivan became uncontrollably enraged and quickly whipped out his gun and pointed it at Mr. Johnson, causing Mr. Johnson to believe that the officer was about to shoot him.

60. Officer Sullivan was not in danger of imminent bodily harm and there were no other factors that give him legal justification for drawing a gun and pointing it at Plaintiff.

61. Officer Sullivan committed assault because (1) an act was committed; (2) Officer Sullivan had the ability to injure the victim, and (3) Officer Sullivan had the intent to perform the acts which constitute the assault.

62. This Court has identified "three essential elements" of the crime of assault:

> "First, there must be an act on the part of the defendant; mere words do not constitute an assault . . . . The act does not have to result in injury [;] . . . it can be either an actual attempt, with force or violence, to injure another, or a menacing threat, which may or may not be accompanied by a specific intent to injure, on the part of the defendant . . . . Secondly, at the time the defendant commits the act, the defendant must have the apparent present ability to injure the victim . . . . Finally, at the time the act is committed, the defendant must have the intent to perform the acts which constitute

the assault.
*Ray v. United States*, 575 A.2d 1196, 1198 (D.C. 1990).

63. Officer Sullivan did not holster his gun until another officer at the scene shouted "PUT THE GUN DOWN! PUT THE GUN DOWN!"

64. After holstering his gun, Officer Sullivan then took out his pepper spray and pointed it at Plaintiff Juan Johnson, whereupon Plaintiff ran to flee the unlawful battery.

65. Officer Sullivan chased Plaintiff down and slammed him down to the ground.

66. Because of the disparity in size between the two men, coupled with the harmful and negative impact of being mace sprayed, the slam on the ground had a very harmful and disorienting effect on Plaintiff.

### COUNT III
### BATTERY

67. Plaintiff Juan Johnson incorporates herein, by reference, the allegations in the previous paragraph as if fully set forth below.

68. In the District of Columbia, a battery occurs when one person unlawfully and intentionally touches or uses force on another person in a harmful, offensive or insulting way. *District of Columbia v. Chinn*, 839 A. 2d 701, 707 (D.C. 2003).

69. Here, Officer Sullivan, pulled out his pepper spray to use against Plaintiff, immediately after assaulting Plaintiff where he drew his gun and pointed it at him, only to stand down after a stern warning from his fellow officer.

70. Upon pointing his pepper spray towards Plaintiff, Plaintiff ran and Officer Sullivan chased him, grabbed Plaintiff Juan Johnson and slammed him to the ground.

71. Plaintiff was ultimately arrested, charged with assaulting a police officer and then released.

72. Officer Sullivan was not placed in imminent harm or danger, and no legal justification exists for his mace-spraying, and then subsequent chasing and slamming of Plaintiff to the ground.

73. In the case of battery, a plaintiff can recover for battery by proving an "intentional act that causes harmful or offensive bodily contact." *District of Columbia v. Chinn*, 839 A. 2d 701, 705-06 (D.C. 2003).

74. The facts of the case stated above shows that Officer Sullivan acted abruptly and violently without justification towards Plaintiff who was not posing any threat to the officers.

75. As Officer Sullivan acted in an abrupt and violent way to a verbal inquiry, his actions did not follow MPD protocol. Moreover, the circumstances did not give him qualified privilege to use any force to effect an arrest of Plaintiff.

## COUNT IV
## FALSE ARREST

76. Plaintiff Juan Johnson incorporates herein, by reference, the allegations in the previous paragraph as if fully set forth below.

77. In the District of Columbia, False Arrest is indistinguishable as a practical matter from the common law tort of False Imprisonment. *Dent v. May Dep't Stores Co.*, 459 A.2d 1042, 1044 n.2 (D.C. 1982).

78. In the District of Columbia, a successful claim of false imprisonment requires a plaintiff to establish (1) the detention or restraint of one against his will and (2) the unlawfulness of the detention or restraint. *Doe v. Safeway, Inc*., 88 A.3d 131, 132 (D.C. 2014).

79. Defendant Officer Sullivan's arrest of Plaintiff without probable cause constitutes false arrest under the laws of the District of Columbia, for which Officers Sullivan is liable for compensatory and punitive damages.

80. Regarding the incident at hand, a central issue is whether Officer Sullivan was justified in ordering the arrest of Plaintiff. *Enders v. District of Columbia*, 4 A.3d 457, 461 (D.C. 2010).

81. Plaintiff was at the scene of the incident conducting a transaction inside of a local convenience store.

82. Plaintiff observed the incident with three officers restraining and beating his friend, Kiman Johnson.

83. Prior to his arrest, Plaintiff did not display any actions that would trigger an abrupt or violent response from any reasonable MPD officer on the scene. One of the officers on the scene even had to shout when Officer Sullivan pulled out a gun in an enraged manner as if he was about to shoot Plaintiff.

84. Officer Sullivan, then suddenly pulled out his OC spray and pointed it towards Plaintiff who then ran.

85. Officer Sullivan chased Plaintiff, caught him and body slammed him to the ground.

86. Plaintiff was then arrested.

87. At no time did Plaintiff physically interfere with the unlawful beating of his friend.

88. Plaintiff did not conduct any criminal activity that would cause a reasonable officer at the scene to place him under arrest.

89. As Plaintiff did not have a lawful and valid arrest warrant against him, and Plaintiff did not engage in any behavior to trigger a restraint or detention from a reasonable officer on the scene, the officers' actions constitute an act of false imprisonment/false arrest. *Doe v. Safeway, Inc.*, 88 A.3d 131, 132 (D.C. 2014).

90. Plaintiff was arrested, detained and charged for assaulting a police officer and fleeing a police officer.

91. Plaintiff was no papered and the charges were ultimately dismissed.

<div align="center">

**PRAYER FOR RELIEF**

</div>

WHEREFORE, Plaintiff requests that this Court:

1) FIND that the actions of Defendant, as alleged herein, violated Plaintiff Juan Johnson's rights under the Fourth Amendment and the laws of the District of Columbia;

2) ENTER JUDGMENT awarding compensatory and punitive damages against Defendant in an amount appropriate to the evidence adduced at trial;

3) ENTER JUDGMENT awarding costs and attorney's fees in this action to Plaintiff under 42 USC §1988; and

4) Grant such relief as this Court may deem necessary and proper.

## JURY DEMAND

Plaintiff requests a trial by jury.

<div style="margin-left: 50%;">

Respectfully Submitted,
*/s/ Yaida O. Ford*
Yaida O. Ford, Esq.
D.C. Bar #497013
FORD LAW PROS P.C.
1001 L Street, SE
Washington, DC 20003
Tel: 202-792-4946
Email: yford@fordlawpros.com
*Counsel for Plaintiff*

</div>

13